UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HUGH A. NICELEY  #235763, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO.  3:20-cv-00088 |
| | ) | JUDGE TRAUGER |
| WARDEN MIKE PARRIS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Hugh Niceley has filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254.

This is not his first such petition.  For the reasons explained below, this petition does not constitute

a second or successive petition for the purposes of the Antiterrorism and Effective Death Penalty

Act (AEDPA), but it will be dismissed as untimely.

## I.      BACKGROUND

In 1994, a Robertson County jury convicted the petitioner of nine felony counts, including

one count of child rape and several counts of aggravated rape. (Doc. No. 9-1 at 4–12.)  The trial

court sentenced him to a combination of concurrent and consecutive sentences, all of which were

set at 30% release eligibility, for a total effective sentence of 53 years in prison. (*Id.*; Doc. No. 10

at 2.)  The petitioner succeeded in having his convictions on four of the aggravated rape counts

vacated on direct appeal, *State v. Nicely*, No. 01C01-506-CC-00160 (Tenn. Crim. App. May 9,

1996), but ultimately failed to obtain any further relief through post-conviction proceedings or his

first federal habeas. *See Nicely v. Mills*, No. 11-5735 (6th Cir. Apr. 3, 2013) (affirming denial of

habeas relief.)

Meanwhile, without the petitioner's knowledge, in a letter dated March 18, 1999, the Tennessee Department of Correction notified the trial court that, pursuant to state law, the petitioner's release eligibility for his conviction of child rape on Count 9 should have been set at 100% rather than 30% and invited "an amended or corrected order." (Doc. No. 9-1 at 56.) The trial court responded by entering amended judgments on April 5, 1999, setting release eligibility at 100% for all nine counts on which the petitioner was originally convicted, including the four for which his convictions had already been overturned. *State v. Nicely*, No. M2017-02535-CCA-R3CD, 2019 WL 413741, at *1 (Tenn. Crim. App. Feb. 1, 2019); (Doc. No. 9-7 at 2; Doc. No. 9-1 at 13–21.) The petitioner did not learn of these amended judgments until November 10, 2016, after he inquired about a discrepancy he noticed in his TDOC sentence calculation. (Doc. No. 1 at 6; Doc. No. 9-1 at 28, 55.)

Almost ten months later, on September 5, 2017, the petitioner submitted a motion to the trial court to correct his sentence on the basis that the ex parte amended sentences were illegal and void. (Doc. No. 9-1 at 24–37.) The trial court acknowledged that Counts 4–7 should have been dismissed and that the only count requiring a 100% eligibility date was Count 9. (*Id.* at 67–68.) Accordingly, it dismissed Counts 4–7, vacated the amended judgments for Counts 1–3 and 8, and left in place the amended judgment only for Count 9. (*Id.*) The petitioner, through counsel, "reluctantly" agreed to entry of the trial court's order. (*Id.* at 68–69; Doc. No. 9-3 at 4.) Nevertheless, he appealed the order, *pro se*, to the Tennessee Court of Criminal Appeals. (*Id.* at 70–72.) That court affirmed on February 1, 2019 (Doc. No. 9-7), and the petitioner did not seek permission to appeal to the Tennessee Supreme Court.

2

## II.     CURRENT PETITION

In his current habeas petition, dated January 27, 2020, the petitioner asserts two distinct sets of claims. (Doc. No. 1 at 14–17.)  First, he alleges that the *ex parte* amendment of his criminal judgments violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution. (*Id.* at 14.)  And second, he challenges his original convictions on the basis that reading his indictments to the jury allegedly violated his constitutional rights in several ways. (*Id.* at 15–16.)

### A.     Second or Successive Petition

The respondent argues that, because this petition relates to the same conviction under attack in the petitioner's previous petition, it is a second or successive petition that must be transferred to the Sixth Circuit for authorization before this court can consider it. (Doc. No. 10 at 4–5.)  It is true that before this court may consider the merits of any claims made in a "second or successive" habeas petition, the petitioner must first request and obtain an order from the Sixth Circuit Court of Appeals authorizing this court to consider it. 28 U.S.C. § 2244(b)(3)(A).  But the respondent's argument ignores: (1) the fact that an amended judgment was entered in the petitioner's criminal case after he filed his prior habeas petition, and (2) the law clearly provides that "the existence of a new judgment permits a new application to attack the sentence, the conviction, or both." *King v. Morgan*, 807 F.3d 154, 158 (6th Cir. 2015).

The fact that the petitioner's new judgment for Count 9 affected only his sentence and not his actual conviction does not limit his ability to attack his conviction anew.  When an intervening amended judgment increases a petitioner's sentence, "his incentives change considerably" to challenge the underlying conviction, and the "judgment-based rule ensures that a *court's* choice to reenter a different judgment does not leave a petitioner unable to raise a now-more-critical

3

challenge free from the 'second or successive' limits." *Id.* at 159 (observing that "[s]ince *Magwood* [*v. Patterson*, 561 U.S. 320 (2010)], every circuit but one has agreed that a new judgment after a resentencing permits the inmate to challenge the original conviction without clearing the second-or-successive hurdles"); *see also Allen v. Westbrooks*, 700 F. App'x 406, 408 (6th Cir. 2017) (describing *King* as "holding that a habeas petition that challenges a new judgment entered as a result of a resentencing is not second or successive, even if the new judgment leaves the underlying conviction undisturbed and the issues in the petition relate to that underlying judgment"). In summary, "the entry of a new judgment resets the 'second or successive' count so that the first habeas petition challenging a new judgment is not second or successive, even when it challenges the bases for an undisturbed conviction." *Allen*, 700 F. App'x at 409.

Accordingly, in light of the intervening amended judgment in his criminal case, the petitioner's current petition is not a second or successive petition requiring authorization from the Sixth Circuit to proceed.

**B. Timeliness**

The respondent also asserts that the petitioner's claims arising from the amended judgments are time-barred. (Doc. No. 10 at 5–6.) AEDPA imposes a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. 28 U.S.C. § 2244(d). Under this provision, the limitations period runs from the latest of four enumerated events:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1).  Although the running of the period is tolled while any "properly filed" collateral review petition is pending in state court, *id.*, § 2244(d)(2), the AEDPA tolling provision does not "revive" an already expired limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  After the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations bar. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).

The respondent tacitly acknowledges that the petitioner's limitations period to challenge his amended judgments did not begin until he learned of them on November 10, 2016. (Doc. No. 10 at 6.)  He correctly calculates that 299 days of the petitioner's 365-day limitations period ran before the petitioner tolled the limitations period by submitting his collateral motion to the trial court. (*Id.*)  According to the respondent, the remaining 66 days of the limitations period began to run again the day after the Tennessee Court of Criminal Appeals issued its February 1, 2019, order affirming the grant of partial relief. (*Id.*)  Although it seems more likely that the petitioner's time did not start running again until 60 days later, when his time to seek review in the Tennessee Supreme Court expired,[1] that question is not determinative to the outcome of this analysis.

---

[1] Rule 11(b) of the Tennessee Rules of Appellate Procedure gave the petitioner 60 days to petition the Tennessee Supreme Court for permission to appeal.  The law on this point is not entirely clear in this circuit, but the current weight of authority indicates that the AEDPA limitations period is indeed tolled during that appeal window, even though the petitioner did not file such a petition. *See Holbrook v. Curtin*, 833 F.3d 612, 618 (6th Cir. 2016) (stating that a petitioner would be entitled to tolling during appeal window if he had not appealed); *Quatrine v. Berghuis*, 751 F. App'x 885, 887 (6th Cir. 2018), cert. denied, 140 S. Ct. 302, 205 L. Ed. 2d 175 (2019) (acknowledging in inferred reference to *Holbrook* that "four months after the affirmance, this Court held in an analogous case that the statute of limitations was tolled" during state appeal

Regardless of whether the petitioner's remaining 66 days began to run on February 2, 2019, or April 2, 2019, they expired many months before he signed his current habeas petition on January 27, 2020.[2]

The petitioner did not file a reply disputing the respondent's timeliness argument, and the court agrees that the petitioner's claims are untimely.

### III. CONCLUSION

For the reasons explained above, this case is **DISMISSED** as untimely.

The court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a § 2254 petitioner. Rule 11(a), Rules Gov'g § 2254 Cases. A petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the COA must "indicate which specific issue or issues satisfy the [required] showing . . . ." 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the petitioner demonstrates that "'reasonable jurists could debate whether (or, for that

---

window); *Martin v. Wilson*, 110 F. App'x 488 (6th Cir. 2004) (observing that the petitioner had 30 days to appeal the denial of post-conviction relief and that "the petition is still 'pending' for purposes of § 2244(d)(2) during this appeal period"); *but see Scarber v. Palmer*, 808 F.3d 1093, 1096 (6th Cir. 2015) (holding that petitioner was not entitled to tolling during period in which he could have sought reconsideration and stating in dicta that "[r]eview of Scarber's post-conviction motion ended when the Michigan Supreme Court issued a final order denying his application for leave to appeal – but only because he had appealed the intermediate court's earlier final order"); *Quatrine v. Berghuis*, No. 14-1323, 2016 WL 1457878, at *2 (6th Cir. Apr. 12, 2016) ("This case hinges on the issue certified by this court—whether the statute of limitations is statutorily tolled for the time during which Quatrine could have appealed the denial of his post-conviction motions for relief from judgment, but did not. The answer is no.").

[2] Assuming the limitations period began upon the expiration of the petitioner's 60-day appeal window, it expired on June 7, 2019.

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "[A] COA does not require a showing that the appeal will succeed," *Miller-El*, 537 U.S. at 337, but courts should not issue a COA as a matter of course. *Id.*

In this case, the court has determined that the petition is clearly time-barred based on the date on which the petitioner learned of the amended judgment constituting its predicate. Because an appeal by the petitioner would not merit further attention, the court **DENIES** a COA. The petitioner may, however, seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE